UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNA M. CHORMAN,

    Plaintiff,

v.                                                            Case No:   6:17-cv-2090-Orl-TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## ORDER[1]

Pending before the Court is Plaintiff's Uncontested Motion for Attorney's Fees, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d) (Doc. 21). Plaintiff requests an award of fees in the amount of $4,394.44. The motion includes a schedule of the attorneys' billable hours to support the application (Id. at 9-10). Defendant has no objection to the requested relief (Id. at 2).

Plaintiff asserts that she is the prevailing party, that the Commissioner's position in the underlying action was not substantially justified, and that her net worth at the time the proceeding was filed was less than two million dollars[2] (Id. at 1-2, 4-6).

On November 30, 2018, the Court entered an Order reversing the Commissioner's administrative decision and remanding the case for further proceedings pursuant to 42

---

[1] On March 2, 2018, both parties consented to the magistrate judge's exercise of jurisdiction over the instant motion (Doc. 13).

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

U.S.C. § 405(g) (Doc. 19). The Clerk of Court entered judgment on December 3, 2018 (Doc. 20). Plaintiff timely filed this application for attorney's fees on February 21, 2019 (Doc. 21).

Plaintiff has attached a copy of her assignment of EAJA fees to her counsel (Doc. 21-1). In light of the assignment, Plaintiff requests (and Defendant agrees) that payment should be made payable to Plaintiff and delivered to her counsel unless she owes a federal debt. Still, if the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, it is up to the government to decide whether to accept Plaintiff's assignment of EAJA fees and pay fees directly to her counsel. Pursuant to the provisions of the EAJA, Plaintiff's motion for attorney's fees (Doc. 21) is **GRANTED**. Plaintiff is awarded attorney's fees **in the amount of $4,394.44.**

**DONE** and **ORDERED** in Orlando, Florida on February 21, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record